**O'BRIEN, BELLAND & BUSHINSKY, LLC**
1526 Berlin Road
Cherry Hill, New Jersey 08003
(856) 795-2181
By:   Steven J. Bushinsky, Esquire
      W. Daniel Feehan, Esquire
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRUSTEES OF THE UNITED FOOD & COMMERCIAL WORKERS UNION AND PARTICIPATING FOOD INDUSTRY EMPLOYERS TRI-STATE PENSION FUND for and on behalf of themselves and said FUND, and the BOARD OF TRUSTEES**<br>3031 B Walton Road<br>Plymouth Meeting, PA 19462<br><br>*Plaintiffs,*<br><br>v.<br><br>**LOUIS M. BUFF**<br>77 E. Barber Avenue<br>Woodbury, New Jersey 08096<br>*Defendant.* | No:<br><br>**COMPLAINT** |

### JURISDICTION AND VENUE

1.    The jurisdiction of this court is invoked pursuant to Sections 502(e)(1) and (f) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(e)(1) and (f) and §1145 respectively and 28 U.S.C. §1331.

2.    This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), in that the Fund is administered in Plymouth Meeting,

Pennsylvania and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claim occurred in the District of New Jersey.

3. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of the Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

4. Plaintiffs', the Trustees of the United Food & Commercial Workers Union and Participating Food Industry Employers Tri-State Pension Fund ("Plaintiffs" or "Plaintiff Fund"), principal place of business is located at 3031-B Walton Road, Plymouth Meeting, Pennsylvania 19462.

5. Plaintiffs are authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

6. Plaintiffs are fiduciaries within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

7. Plaintiffs bring this action on behalf of the Fund, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

8. Defendant, Louis M. Buff ("Defendant Buff"), is an individual residing at 77 E. Barber Avenue, Woodbury, New Jersey 08096.

## FACTS

9. Plaintiff Fund is a multiemployer pension plan that provides, *inter alia*, retirement benefits to participants.

10. Defendant Buff is the son of Virginia Buff ("Decedent") at the time she passed away on or about December 17, 2013.

11. Decedent, at the time of her death was a participant in the UFCW Tri-State Pension Fund ("Pension Fund") and was therefore entitled to a monthly pension ("Pension Benefit") in the approximate amount of $1,300.15 per month.

12. When Decedent passed away on or about December 17, 2013, Decedent's Pension Benefit payments should have ended.

13. However, after Decedent's death, Plaintiff Fund, unaware of Decedent's death, mistakenly made monthly payments totaling $78,009.00 for the months of January 2014 through December 2018 to Decedent.

14. Defendant Buff received and kept these monthly payments totaling $78,009.00 and did not return the payments to Plaintiff Fund.

15. Plaintiff Fund has requested and demanded the recoupment of the overpayment totaling $78,009.00 from Defendant Buff but Defendant Buff has not returned them in full to the Plaintiff Fund.

16. Plaintiffs, through their attorneys and agents, have made repeated demands to Defendant Buff for full reimbursement of the pension overpayment that Plaintiff Fund erroneously paid to Decedent.

17. This Court has the exclusive jurisdiction to determine what rights the Plaintiff Fund has to reimbursement under the terms of the Plan and ERISA pursuant to ERISA § 502(a)(3). 29 U.S.C. § 1132(a)(3).

## COUNT I
## CLAIM FOR EQUITABLE RELIEF UNDER 29 U.S.C. § 1132(a)(3)

18. Plaintiffs incorporate by reference paragraphs 1 through 18 as is fully set forth herein.

19. Defendant Buff erroneously received monthly pension benefits in the amount of $1,300.15 from the Plaintiff Fund for the period of January 2014 through December 2018.

20. By refusing to reimburse the Plaintiff Fund the full amount of Pension Benefits erroneously paid in the amount of $78,009.00, Defendant Buff wrongfully retained the Pension Benefits that he was not entitled to under the Plan.

21. Defendant Buff's use and control of the $78,009.00 in Pension Benefits violates fundamental principles of justice, equity and good conscience.

22. Defendant Buff was unjustly enriched to the detriment of the other participants and beneficiaries of the Plaintiff Fund.

23. The Plaintiff Fund has been harmed as a result of Defendant Buff's failure to act in accordance with the terms of the Plan because Defendant Buff has absconded with money that rightfully belongs to the Plaintiff Fund.

4

24. Plaintiff Fund has an absolute right to reimbursement for the erroneous benefit payments in the amount of $78,009.00.

25. The Defendant Buff should be ordered to reimburse the Plaintiff Fund for the monies received from Plaintiff Fund in the amount of $78,009.00.

26. Defendant Buff is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the Plan and 29 U.S.C. § 1132(g).

27. ERISA § 502(a)(3) allows the Plaintiff Fund to seek appropriate equitable relief to enforce the terms of the Plan.

**WHEREFORE**, the Plaintiff respectfully requests that this Court:

(A) Enter judgment in favor of the Plaintiff Fund and against the Defendant Buff in the amount of $78,009.00 because Defendant Buff was unjustly enriched to the detriment of the other participants and beneficiaries of Plaintiff Fund;

(B) Impose an Equitable Lien in the amount of $78,009.00 on the funds erroneously paid out by Plaintiff Fund to Defendant Buff;

(C) Impose a Constructive Trust in the amount of $78,009.00 on the funds erroneously paid out by the Plaintiff Fund to Defendant Buff;

(D) Order Defendant Buff to pay the Plaintiff Fund's reasonable attorney's fees and costs pursuant to 29 U.S.C. §1132(g); and

(E) Award the Plaintiff Fund any other relief that this Court deems to be just and equitable, all at Defendant Buff's cost, pursuant to 29 U.S.C. 1132(a)(3).

Dated: 4/26/19

Respectfully submitted,
**O'BRIEN, BELLAND & BUSHINSKY, LLC**
*Attorneys for Plaintiffs*

_____
W. DANIEL FEEHAN, ESQUIRE
STEVEN J. BUSHINSKY, ESQUIRE