**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **TRUSTEES OF THE UNITED FOOD & COMMERCIAL WORKERS UNION AND PARTICIPATING FOOD INDUSTRY EMPLOYERS TRI-STATE PENSION FUND** | : : : : : | **CIVIL ACTION** |
| **v.** | : : | |
| **LOUIS M. BUFF** | : | **NO. 19-11474** |

## MEMORANDUM

**Savage, J.**                                                                                          **March 31, 2021**

      The United Food & Commercial Workers Union and Participating Food Industry Employers Tri-State Pension Fund is a trust fund established pursuant to an Agreement and a Declaration of Trust.  Pursuant to various collective bargaining agreements between local unions and employers in the retail food industry, it is funded by contributions by employees.  The Fund provides pension benefits to eligible employees of employers in the retail food industry.  As fiduciaries, the trustees have an obligation to seek repayment of benefits mistakenly paid.

      Virginia M. Buff, now deceased, was a member of the United Food & Commercial Workers Local 1360 ("Union").  She worked for Pathmark Supermarkets from October 5, 1964 to March 27, 1999.  During that time, contributions were made to the Fund on her behalf.

      On March 27, 1999, upon her retirement, Ms. Buff signed an election form agreeing to receive all of her benefits as a Single Life Annuity beginning April 1, 1999.  Pursuant to the election, no further benefits would be payable to her after her death.

Ms. Buff passed away on December 17, 2013.  Pursuant to the terms of the Single Life Annuity and her election, her benefit payments should have ceased at that time.  However, because it received no notice of Ms. Buff's death, the Fund continued to deposit benefit payments into her bank account in the amount of $1,300.15 each month from January, 2014 to December, 2018.  The total amount of benefits paid into Ms. Buff's account after her death was $78,009.00.

During a routine check, the Fund sought to confirm that Ms. Buff was alive and receiving her Social Security benefits.  It sent a form to her address for her to complete and return.  Ms. Buff's son, Louis Buff, completed the reply form as if she were alive and receiving benefits.  Louis did not disclose his mother's death to the Fund.  Because the Fund noticed that the form had been completed by someone other than the intended recipient of the benefits, it investigated.  It discovered that Ms. Buff had passed away on December 17, 2013.  Upon receipt of the death certificate on December 12, 2018, the Fund immediately ceased all payments to Ms. Buff's account.

The Pension Plan provides that the Fund has the right to recover overpayments.  It provides "the Plan has the right to recover any mistaken payment, overpayment, or any payment made in error to any individual who is not eligible for that payment ("overpayment").  Any overpayment creates a lien by agreement, and the Plan, or its designee, may withhold or offset future benefit payments, sue to recover overpayment, or use any other lawful remedy to recoup any overpayment."

Despite demand, Louis Buff has failed to return the overpaid benefit payments to the Fund.  The Fund then instituted this action against Louis Buff to recover the overpayments.  The Fund now moves for summary judgment.

3

There are no disputed material facts. The Fund mistakenly overpaid benefits to Ms. Buff's son, Louis Buff, in the amount of $78,009.00. The Fund is entitled to the overpayment. Louis Buff has refused to return the benefits. Therefore, because the plaintiffs are entitled to judgment as a matter of law, the motion for summary judgment will be granted.